**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WAM USA Incorporated, | No. CV-23-00448-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| David Fierros, et al., | |
| Defendants. | |

Plaintiff WAM USA, Inc., wishes to serve Defendant Ozbekoglu ("OZB"), a Turkish company. Plaintiff states that unless permitted to complete an alternate form of service, it plans to serve OZB pursuant to the Hague Convention. (Doc. 31). WAM expects that service to take three or four months. The circumstances here establish that such service would only result in needlessly delay.

OZB is aware of this suit as evidenced by the motion to dismiss it filed months ago. The current Chief Executive Officer of OZB submitted a detailed declaration in support of that motion to dismiss, indicating he is not only aware of the suit but also aware of the exact claims WAM wishes to pursue. (Doc. 25-1 at 3). In addition, a current OZB employee is a defendant in this suit and that employee recently answered the complaint. (Doc. 32).

Federal Rule of Civil Procedure 4(f)(3) allows for service on OZB by any "means not prohibited by international agreement, as the court orders." Service of process under this provision "is neither a 'last resort' nor 'extraordinary relief.'" *Rio Properties, Inc. v.*

*Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Thus, a plaintiff is not required to attempt service by other means "before resort to court-ordered service under Rule 4(f)(3)." *Id.*

Depending on the circumstances, courts have permitted service under Rule 4(f)(3) through "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and . . . email." *Id.* at 1016. Whichever method is selected, it "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*

At present, there is no indication any international agreement prohibits serving OZB via email. *See Makina v. Kimya Endustrisi A.S*, 2022 WL 3018243, at *3 (S.D.N.Y. July 29, 2022) (concluding no international agreement prohibited service by email on defendant in Turkey). Therefore, the Court will authorize service on OZB by email. If OZB can identify an international agreement that prohibits such service, it is free to raise that issue in responding to the complaint. The fact that OZB, through counsel, has already filed documents in this case means OZB's counsel will receive this Order. Email to OZB together with notice to OZB's counsel will be sufficient to ensure that OZB is aware of its obligation to respond to the complaint.

Accordingly,

**IT IS ORDERED** no later than **October 16, 2023**, Defendants Davide Fabbri and OZB USA shall provide to counsel for Plaintiff the email address of an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process for OZB.

…

…

…

…

…

**IT IS FURTHER ORDERED** no later than **October 23, 2023**, Plaintiff shall complete service of process on OZB using the email address provided by the other defendants. Plaintiff shall file proof of service within five days of completing service.

Dated this 12th day of October, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge